IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC, | § § § | |
| Plaintiff, | § § | Case No: 6:20-cv-114-ADA |
| vs. | § § | PATENT CASE |
| BRIGHTPEARL, INC., | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S OPENING BRIEF IN OPPOSITION TO DEFENDANT'S BRIGHTPEARL, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**I.   INTRODUCTION** ................................................................................................................. 1

**II.  LEGAL STANDARD** ........................................................................................................... 1

**III. ANALYSIS** ............................................................................................................................ 3

**IV.  CONCLUSION** ..................................................................................................................... 4

## TABLE OF AUTHORITIES

Cases

*Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) ........................................... 2
*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ............................................................................. 1
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 2
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 555-56, 570 (2007) ……………………….....…1, 2, 3
*City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) ........................... 2
*CCS Fitness, Inc. v. Brunswick Corporation and Its Division Life Fitness*, 288 F.3d 1359, 1367
   (Fed. Cir. 2002) ……………………………………………………………………………...…   4
*Finjan*, 626 F.3d at 1204 (*quoting -In*) ........................................................................................ 2
*Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed.Cir. 1990).................... 2
*Hilgreave Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed.Cir. 2001) .................................. 2
*Intel Corp. v. U.S. Int'l Trade Comm'n,* 946 F.2d 821, 832 (Fed.Cir. 1991) ................................ 2
*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir. 2007) ........................................... 2
*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)......................................... 1

**I.      INTRODUCTION**

On February 14, 2020 STI filed its Original Complaint against Brightpearl, Inc.. Plaintiff filed its First Amended Complaint ("FAC") on June 17, 2020 (Dkt No. 23). Defendant filed its Motion to Dismiss for Failure to State a Claim ("Motion") on August 21, 2020 (Dkt. No. 25).

Brightpearl's argument is that it only makes and sells software and does not make or sell the hardware needed to meet the claim element of "a mobile device" comprising "a portable handheld housing," a "signal processing device," and "a visual input device." Brightpearl also argues that Plaintiff has not alleged indirect infringement and that any amendment of the complaint would be futile.

Plaintiff respectfully submits that the FAC sufficiently alleges these elements are met and provides support in the form of publicly available information. Further, discovery could reveal that the claim elements are met by alternative infringement theories. The FAC serves its purpose of putting Brightpearl on notice of the infringement allegations against it. Drawing all reasonable inferences in its favor, Plaintiff has adequately pled infringement.

**II.     LEGAL STANDARD**

Under Rule 8(a)(2), Fed.R.Civ.P., a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." As opposed to a "heightened fact pleading of specifics," a complaint is only required to have allegations sufficient to show that the plaintiff is plausibly entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555-56, 570 (2007). Whether a complaint states a plausible claim for relief is a context-specific task that requires the Court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). When evaluating such a motion, "the

court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir. 2007) (*citing Twombly*, 550 U.S. at 565 n.10). Apparatus claims cover what a device is, not what it does. *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed.Cir. 1990). "[A]n accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation." *Hilgreave Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed.Cir. 2001); *Finjan*, 626 F.3d at 1204 (*quoting Hilgreave*); *see also Intel Corp. v. U.S. Int'l Trade Comm'n,* 946 F.2d 821, 832 (Fed.Cir. 1991).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). The "inquiry focuses on the allegations in the pleadings and not whether the plaintiff actually has sufficient evidence to succeed on the merits." *Id*.

All well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support the elements of the cause of action in order to make a valid claim. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains factual content that

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### III.   ANALYSIS

STI has sufficiently alleged direct infringement of at least Claim 1.  Brightpearl's contention that the complaint does not sufficiently plead direct infringement is not supported by the FAC or the argument upon which Brightpearl's Motion is based.  STI's First Amended Complaint ("Complaint") sets forth its allegations of direct infringement in a series of paragraphs addressing each and every element and limitation of Claim 1 of the '528 Patent.  STI's Complaint also provides screenshots of publicly available information illustrating the existence of each element of Claim 1 within the accused product.

With respect to the elements allegedly not sufficiently pled, the FAC clearly accuses Defendant of making, selling and/or using "a mobile device" (see, e.g., FAC ¶ 25), a "portable handheld housing" (see, e.g., FAC ¶ 25), a "signal processing device" (see, e.g., FAC ¶ 26), and a "visual input device" (see, e.g., FAC 26).  STI's First Amended Complaint unquestionably alleges the accused product meets these elements. Drawing all reasonable inferences in favor of STI, the FAC adequately alleges that the accused product meets this and every other element of Claim 1.  Therefore, STI's FAC meets all applicable pleading standards.

Brightpearl's argument that the Complaint should be dismissed is that it does not make or sell any product that has these elements and that it only sells software.  See, e.g., Motion at 3. This ignores the fact that the FAC clearly alleges that Brighpearl ***uses*** each of the supposedly missing elements.  Regardless of whether Brightpearl makes and sells hardware components, the FAC alleges "use."

Brightpearl also seems to argue that a visual input device cannot comprise multiple

hardware components. Motion, at 2-4. However, this is an issue for claim constructions, not a Rule 12(c) motion to dismiss.  Plaintiff has adequately pled a theory of infringement that combines multiple components to result in one or more claim elements. The Federal Circuit has previously confirmed that multiple components in an accused device can constitute a single claim element.  See, e.g., *CCS Fitness, Inc. v. Brunswick Corporation and Its Division Life Fitness*, 288 F.3d 1359, 1367 (Fed. Cir. 2002).

Also, discovery could reveal that Defendant's product infringes under alternative infringement theories.  Moreover, contrary to Defendant's assertions, it is possible that an iPad mobile device alone meets all of the claimed elements of "a mobile device," a "portable handheld housing," a "signal processing device, and a "visual input device." For example, an iPad is a "mobile device." It has a signal processor and a portable handheld housing.  It also has a visual input device (such as a visual input module), which can receive the visual input from a barcode scanner.

Brightpearl further argues that Plaintiff has not alleged indirect infringement.  Plaintiff respectfully submits that given its allegations of direct infringement, further allegations of indirect infringement are not required.  Nevertheless, Plaintiff notes that it could (with the Court's permission) add allegations of indirect infringement if discovery bears out facts to support such an allegation.

## IV.    CONCLUSION

For at least the foregoing reasons, Defendant's Motion should be denied.

Dated: September 4, 2020 Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I hereby certify that on September 4, 2020 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court of Delaware, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jay Johnson*
**JAY JOHNSON**